IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FOX VALLEY LABORERS HEALTH AND WELFARE FUND, | ) ) ) |
| FOX VALLEY AND VICINITY LABORERS PENSION FUND, | ) ) ) |
| PATRICIA M. SHALES, as Administrative Manager, | ) CIVIL ACTION ) NO. ) |
| Plaintiffs, | ) JUDGE ) |
| v. | ) ) |
| BROWN R CARTAGE COMPANY, an Illinois corporation, d/b/a TRAFFIC SOLUTIONS, and d/b/a BROWN R CARTAGE CO., | ) ) ) ) |
| Defendant. | ) |

## COMPLAINT

Plaintiffs, FOX VALLEY LABORERS HEALTH AND WELFARE FUND ("Welfare Fund"), FOX VALLEY AND VICINITY LABORERS PENSION FUND ("Pension Fund"), and PATRICIA M. SHALES, as Administrative Manager, by their attorneys, complaining of the Defendant, BROWN R CARTAGE COMPANY, an Illinois corporation, d/b/a TRAFFIC SOLUTIONS, and d/b/a BROWN R CARTAGE CO., allege as follows:

1. This action arises under the laws of the United States and is brought pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1132, 1145 (herein-after referred to as "ERISA"). Jurisdiction and venue are proper under ERISA Sections 502(3)(1)

and (2), 29 U.S.C. § § 1132(e)(1) and (2), and LMRA Sections 301(a) and (c), 29 U.S.C. § § 185(a) and (c).

2. The Plaintiff Funds are multi-employer benefit plans within the meaning of Sections 3(3) and 3(37) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1002(3) and (37A). The Trustees and the Funds maintain offices and conduct business within this district. The Funds are agents of The Construction and General Laborers' District Council of Chicago and Vicinity's Work Dues Fund, the Laborers-Employers Cooperation and Education Trust ("LECET"), and the Laborers' District Council Labor Management Cooperation Committee ("LDC/LMCC"), the Chicago Area Independent Construction Association ("CAICA"), the Apprenticeship Fund, the Safety Fund and CISCO Fund, (collectively, "the Affiliated Organizations"), for the purpose of collecting employer contributions and wage deductions due to these Affiliated Organizations.

3. Defendant, BROWN R CARTAGE COMPANY, an Illinois corporation, d/b/a TRAFFIC SOLUTIONS, and d/b/a BROWN R CARTAGE CO. (hereinafter "Company"), is an Illinois corporation registered to do business in the state. At all relevant times, the Company was doing business within this district and was an employer within the meaning of ERISA Section 3(5), 29 U.S.C. § 1002(5) and Section 301(a) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a).

4. The Construction and General Laborers' District Council of Chicago and Vicinity ("District Council") is a labor organization with the meaning of the LMRA Section 101, 29 U.S.C. § 152(5), that maintains its principal offices in this district.

5. The District Council and the Company are now and at all relevant times have been parties to successive collective bargaining agreements (herein "Agreement") which, among other things, require the Company to make monthly contributions to the Funds on behalf of employees covered by the Agreement for health and welfare and pension benefits, and for deductions and contributions for the Affiliated Organizations; the Agreement also requires the Company to submit monthly remittance reports in which the Company, *inter alia*, identifies the employees covered under the Agreement and the amount of contributions remitted to the Funds and Affiliated Organizations on behalf of each covered employee.

6. Pursuant to the Agreement, the Company must pay contributions for each hour worked by its employees to the Affiliated Organizations. The Company is required to remit contributions for the Affiliated Organizations along with a remittance report. Employers who fail to report and/or remit contributions are liable to pay an additional 10% in liquidated damages and all costs of collection, including reasonable audit expenses, attorneys' fees and court costs.

7. Pursuant to the Agreement, the Company must also pay contributions for each hour worked by its employees to the Funds. The Company is required to remit contributions for the Funds along with a remittance report. Employers who fail to report and/or remit contributions are liable to pay interest on the delinquent contributions, an additional 10% in liquidated damages, which increases to 20% once a lawsuit is filed, and all costs of collection, including reasonable audit expenses, attorneys' fees and court costs.

8. Notwithstanding its obligations under the Agreement, as revealed by a payroll audit for the period of January 1, 2015 through December 31, 2016, the Company has failed to report and remit contributions properly to the Funds for all employees covered by the Agreement, thereby

depriving the Funds of contributions, income and information needed to administer the Funds, and jeopardizing the welfare and pension benefits of participants and beneficiaries.

9. Despite the Funds' request for payment, the Company has not paid the required contributions or other sums due or revealed in the audit, which also include dues shortages and liquidated damages related to the Company's delinquent contributions.

10. Notwithstanding its obligations under the Agreement, the Company has failed to report and remit contributions properly to the Funds for all employees covered by the Agreement for the months of June 2017 through the present. The Company also failed to remit timely dues and contributions to the District Council when due for the same time period.

11. Despite the Funds' request for payment, the Company has not paid the required dues, contributions or other sums due which include dues shortages and liquidated damages related to the Company's delinquent amounts due contributions for the months of September 2007 through June 2009.

12. All conditions precedent to requiring remittance of contributions and other sums to the Funds and the Affiliated Organizations have been met.

13. The Company's failure to make timely reports and contributions violates ERISA Section 515, 29 U.S.C. § 1145, and LMRA Section 301, 29 U.S.C. § 185.

14. Under ERISA Section 502(g)(2), 29 U.S.C. § 1132(g)(2), the terms of the Agreement and the Funds' and Affiliated Organizations' governing trust documents, the Company is liable to the Funds for unpaid contributions, interest, liquidated damages in the amount of 20%, prior liquidated damages, audit fees, and reasonable attorneys' fees and court costs incurred prior to and through the filing of this lawsuit.

WHEREFORE, Plaintiffs respectfully request as follows:

(a) That the Court finds the Company in violation of the Agreement;

(b) That the Court finds the Company liable to the Funds and Affiliated Organizations for all unpaid contributions incurred prior to and after the filing of this suit plus interest, liquidated damages, audit fees, and attorneys' fees and court costs incurred prior to and through the filing of this lawsuit;

(c) That the Court enters a judgment order against the Company, directing it to pay to the Funds all unpaid contributions incurred prior to and after filing of this suit plus interest, liquidated damages, audit fees, and attorneys' fees and court costs incurred prior to and through the filing of this lawsuit;

(d) That the Court orders the Company to submit all delinquent contribution reports due to the Funds for the work months of June 2017 through the present, listing the employees, hours worked, and contributions due to each Fund and the Affiliated Organizations, and further providing all information as required by the rules of the Funds and the Affiliated Organizations, to continue to submit such reports while this action is pending, and to comply with its contractual obligation to timely submit such reports in the future;

(e) That the Court orders the Company to pay to the Funds all court costs and reasonable attorneys' fees incurred in this litigation; and,

(f) That the Court grants to the Funds all such other legal and equitable relief as the Court deems just and proper.

/s/   Catherine M. Chapman

Catherine M. Chapman
Attorney for the Plaintiffs
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 2200
Chicago, IL   60606-5231
Bar No.: 6204026
Telephone: (312) 216-2565
Facsimile: (312) 236-0241
E-Mail: cchapman@baumsigman.com

I:\FVLJ\Brown R Cartage\complaint.cmc.df.wpd